IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MACK DALE LAMBERT											PLAINTIFF

VERSUS									CAUSE NO. 2:12-cv-46-KS-MTP

HELEN DAVIS, et al.											DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff's response [9] filed April 13, 2012, to the order [7] entered April 3, 2012. Plaintiff, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed the instant complaint [1] on March 20, 2012, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants Helen Davis, Christopher Epps, Emmitt Sparkman, Scott Sport, Lamar County Jail and Tony Grays. Compl. [1]. As relief, Plaintiff is seeking monetary damages along with the charges being dropped and being released. *Id*. Having further screened Plaintiff's complaint [1] and response [9] pursuant to 28 U.S.C. § 1915(e)(2), the Court has made the following determinations.

## Background

In the instant complaint [1], Plaintiff argues that the records of the Mississippi Department of Corrections reflect that he is "incarcerated for something that I didn't commit." Compl. [1] at p. 4. Specifically, Plaintiff states in his response [9] that he was indicted for rape in cause number 2008K-244H in the Circuit Court of Lamar County, Mississippi. However, according to Plaintiff's inmate time sentence attached to the response [9-1], he was convicted, and is serving a sentence, of sexual battery, not rape. A review of the Order of Conviction and Sentence in cause number 2008K-244H in the Circuit Court of Lamar County, Mississippi, attached to Plaintiff's complaint [1] establishes that plaintiff entered a guilty plea to the criminal charge of sexual battery instead of rape. Compl. [1-1] at p.21. Plaintiff argues that the indictment for the charge

of rape in cause number 2008K-244H was illegal and therefore, as a result of the indictment for rape being illegal, Plaintiff is challenging his subsequent conviction and sentence for sexual battery.  *See Id.* at p. 5.

## Analysis

Title 28 U.S.C. § 1915(e)(2) (as amended), applies to *in forma pauperis* proceedings and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Therefore, because Plaintiff was granted *in forma pauperis* status by an order [8] entered on April 3, 2012, § 1915(e)(2) applies to this case.

Initially, this Court must decide whether the plaintiff should pursue his claim requesting his release from custody as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (*citing Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)).  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Id.,* (*citing Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  In fact, the United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Liberally construing Plaintiff's claims relating to his conviction and his relief in the instant complaint requesting that this Court drop all charges and release him, this Court has

2

determined such a claim and request for relief are clearly habeas in nature. Therefore, even though Plaintiff seeks relief in the form of an action pursuant to 42 U.S.C. § 1983, his sole remedy concerning his conviction and sentence is through a request for habeas relief. *Id.*; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).[1]

To the extent Plaintiff is requesting monetary damages as relief, Plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If Plaintiff was successful in this § 1983 action concerning the claim of "unconstitutional conviction and sentence" for the criminal charge of sexual battery, specifically his claims that his

---

[1] If Plaintiff is interested in pursuing a request for habeas relief, he may contact the Clerk of Court, P.O. Box 23552, Jackson, Mississippi, and request a set of forms used to file a petition for habeas relief by a person in state custody as well as an application to proceed *in forma pauperis* if he is unable to pay the $5.00 filing fee.

attorney was ineffective and the indictment was illegal, it would necessarily imply the invalidity of his conviction. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984)(when the attorney representing a criminal defendant fails to provide effective assistance, the criminal defendant's Sixth Amendment right has been violated); and *Johnson v. Estelle,* 704 F.2d 232, 236 (5th Cir. 1983)(finding that a petitioner can prevail on a claim of insufficiency of an indictment "when the indictment is so fatally defective that under no circumstances could a valid conviction result form facts provable under the indictment ...."). Based on the foregoing, this Court finds that this § 1983 action calls into question the validity of Plaintiff's conviction for sexual battery. Because Plaintiff fails to establish that his conviction has been invalidated, expunged or reversed, Plaintiff cannot maintain this § 1983 action. Therefore, the complaint [1] will be dismissed.

## Conclusion

As discussed above, Plaintiff's claim for habeas relief is not cognizable under 42 U.S.C. § 1983. Consequently, the claim for habeas relief will be dismissed without prejudice. However, Plaintiff's claim for monetary damages, which essentially challenges his conviction, will be dismissed with prejudice for failure to state a claim until the *Heck* requirements are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Since this case will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), it will be counted as a "strike". If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 27th day of April, 2012.

                                  *s/Keith Starrett*
                                  UNITED STATES DISTRICT JUDGE